UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SNEDIKER,<br><br>         Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>         Defendant. | Case No.: 20cv1200-BAS-LL<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>**[ECF No. 14]** |

  Currently before the Court is a Motion to Withdraw Stuart Barasch as counsel of record for Plaintiff pursuant to Local Rule 83.3(f). ECF No. 14. This is Mr. Barasch's second Motion to Withdraw. See ECF No. 12. The Court denied Mr. Barasch's first Motion on procedural grounds. ECF No. 13. In support of the instant Motion, Mr. Barasch states Plaintiff has hired different local counsel—Martha W. Yancey. ECF No. 14 at 1.

  "An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Beard v. Shuttermart of Cal., Inc., No. 07CV594WQH (NLS), 2008 U.S. Dist. LEXIS 10575, at *6 (S.D. Cal. Feb. 13, 2008) (internal quotation marks and citation omitted). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to

which withdrawal will delay the resolution of the case." Id. at *6-7 (citations omitted).

As an initial matter, the Court notes Mr. Barasch's second Motion to Withdraw also fails to meet the procedural requirements of Local Rule 83.3(f). Specifically, Mr. Barasch did not file a declaration indicating that his client, David Snediker, was served with the Motion to Withdraw as required. Instead, Mr. Barasch's certificate of service states only that he filed the Motion to Withdraw using the Court's CM/ECF system—but his client's address is not on the docket for this case. See Jackson v. City of San Diego, No. 19CV767-GPC(WVG), 2019 U.S. Dist. LEXIS 181858, at *2-3 (S.D. Cal. Oct. 21, 2019) (denying motion to withdraw for failure to file declaration indicating client was served with motion).

Notwithstanding this error, based on the moving papers and the procedural posture of this case, the Court finds granting Mr. Barasch's Motion will not prejudice Plaintiff, harm the administration of justice, or delay the resolution of this case. Plaintiff will still be represented by counsel—including different local counsel. In addition, no Party has opposed the withdrawal. For the foregoing reasons, the Court, within its discretion, **GRANTS** Mr. Barasch's Motion. See Certain Underwriters at Lloyds Subscribing to Policy No. 0801Q16413M13 v. Transp. Cont'l, Inc., No. 3:16-CV-02739-AJB-DHB, 2017 U.S. Dist. LEXIS 83504, at *9-10 (S.D. Cal. May 31, 2017) (granting motion to withdraw despite failure to file declaration of service).

The Court further **ORDERS** as follows:

1. The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Mr. Stuart Barasch as counsel for Plaintiff;

2. Mr. Barasch **SHALL** immediately serve Plaintiff with a copy of this Order and thereafter file a proof of service to confirm the same.

**IT IS SO ORDERED.**

Dated: October 13, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge